FILED

2020 May-22  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FILED

2020 MAY 22  P 2: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILLIAM M. Pickard Ill,<br>    Plaintiff,<br>v. | ) ) ) ) | |
| HIGHLAND MANOR, LTD;<br>SPM, LLC; NIKESHIA BAILEY,<br>DEBORAH WREN, HONORABLE<br>STEVE MARSHALL, in his capacity as<br>Attorney General of Alabama; NORMAN<br>WINSTON JR., JASON H. SMITH,<br>MIRIAM BEARDEN, MOSES WRIGHT,<br>WILLIAM WELDEN JR., FICTITIOUS<br>DEFENDANTS A, B, C, D, E, F,<br>G, H, I, and J,  who caused and/or<br>contributed to the damages complained<br>of in this Complaint, whose identities<br>are presently unknown but will be<br>supplied by amendment when ascertained;<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. **2:20-cv-00212-AKK**<br><br>JURY TRIAL DEMAND |

## **SECOND AMENDED COMPLAINT UNDER 42 U.S.C. § 1983**
## **AND FOR INJUNCTIVE AND DECLARATORY RELIEF**

### I. PRELIMINARY STATEMENT

In the proceedings in Plaintiff's existing federal case (no. 2:19-cv-00885-ACA), the Plaintiff was informed he could not claim violations of his constitutional rights, such as of due process, in that action. Therefore, he is bringing these claims under Title 42 § 1983 as follows:

### II. PARTIES

1. The Plaintiff is William Marshall Pickard III, ("the Tenant"), 2040 Highland Ave South, Apartment 401, Birmingham, Jefferson County, AL 35205-3834;

2. The Defendants are:

(a) Highland Manor, LTD., ("The Manor"), whose address is 2040 Highland Ave South, Birmingham, AL 35204; telephone no. (205) 933-7543;

(b) SPM, LLC, ("SPM"), whose address is 1103 Richard Arrington, Jr. Blvd. S., Birmingham, AL 35205, telephone no. (205) 933-1020;

(c) Nikeshia Bailey ("Bailey"), whose business address is SPM Property Management LLC, 2101 Highland Avenue, Birmingham, AL 35205; telephone no. (205) 933-1020, individually, in her former capacity as Community Manager of Highland Manor LTD, as an employee of SPM and as a state actor;

(d) Deborah Wren ("Wren"), whose business address is SPM Property Management LLC, 2101 Highland Avenue, Suite 400, Birmingham, AL 35205; telephone no. (205) 933-1020, individually, in her capacity as a corporate officer of SPM, and in her capacity as a state actor[2];

(e) Honorable Steve Marshall ("Marshall"), whose business address is: 501 Washington Avenue, Montgomery, AL 36104, telephone no. 334-242-7300; only in his capacity as Attorney General of Alabama; without a claim for monetary damages regarding this Defendant, and only for injunctive and declaratory relief. In that he is not being sued in his individual or personal capacity, and monetary relief is not sought, immunity does not attach under the 11th Amendment of the U.S. Constitution and injunctive and declaratory relief is available pursuant to 42 U.S.C. § 1983.[1]

(f) Norman Winston Jr. ("Winston"), whose business address is 1800 12th Avenue South, Birmingham, AL 35205; telephone 205-933-2300, individually and in his capacity as a state official and state actor;

(g) Jason H. Smith ("Smith"), whose address is 3326 Posey Rd., Morris, AL 35116, individually and in his capacity as a state official and state actor;

(h) Miriam Bearden ("Bearden"). whose business address is SPM Property

---

[1] In that the Attorney General is not being sued in his individual or personal capacity, immunity does not attach under the U.S. Constitution's 11th Amendment and injunctive and declaratory relief is available pursuant to 42 U.S.C. § 1983.

Management LLC, 2101 Highland Avenue, Birmingham, AL 35205; telephone no. (205) 933-1020, individually, in her capacity as a corporate officer of SPM, and as a state actor[2];

(i) Moses Wright ("Wright"), whose business address is SPM Property Management LLC, 2101 Highland Avenue, Birmingham, AL 35205; telephone no. (205) 933-1020, individually, in his capacity corporate officer and Human Resources director of SPM, and as a state actor[2];

(i) William Welden Jr. ("Welden"), whose business address is SPM Property Management LLC, 2101 Highland Avenue, Birmingham, AL 35205; telephone no. (205) 933-1020, individually and as a state actor;[2]

(j) Designations: the term "Landlord" shall refer hereinafter to all of the above-named Defendants who are employed by SPM and/or the Manor as acting in concert as the Tenant's Landlord.

(k) All references to a Constitution refer to the United States Constitution unless otherwise specified.

(l) All references to "federal rights" include HUD Rules and Regulations and related law unless otherwise specified.

(m) Pursuant to 42 U.S.C. § 1983, the terms "under color of state law" and "state actors" have the same meaning and are interchangeable.

### III. JURISDICTION & VENUE

A. This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under Title 42 U.S.C. §1983; and, *inter alia,* federal law, federal question jurisdiction, the United States Constitution, and 28 U.S.C. §§2201 and 2202. The Court further has jurisdiction over matters in this Complaint pursuant to 28 U.S.C. § 1651.

---

[2] A corporation and its officers may be held liable for compensatory damages for their failure to ensure the corporation's compliance with the Fair Housing Act whether or not the officers directed or authorized the particular acts that occurred. *Holley v. Crank,* 258 F.3d 1127 (9th Cir. 2001), cert. granted 535 U.S. 1077, vacated on other grounds, 537 U.S. 280, on remand 386 F.3d 1248, 42 U.S.C. § 3604.

B. This Court has jurisdiction and authority to award attorney's fees should Plaintiff be able to obtain assistance of counsel pursuant to 42 U.S.C. §1988.

C. The Plaintiff further invokes the supplemental jurisdiction of this District Court under 28 U.S.C. §1367 as warranted.

D. The Defendants were at all times in this Complaint acting under color of the laws of the State of Alabama.

E. Venue is proper in the Northern District of Alabama, Southern Division in that the events and conduct complained of herein all occurred in this venue.

## COUNT I:
### Violation of Rights by Highland Manor, LTD

1. Highland Manor, acting under color of State law at all times stated below, violated Tenant's federal and Constitutional Rights by filing to evict Plaintiff without due process as follows:

2. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by violating his HIPAA rights to confidentiality of his medical records by requiring him to submit a list of his physicians pursuant to his application for housing.

3. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by discriminating against him due to his mental health disability after their violation of his HIPAA rights by which they found out that he had two psychiatrists, and by questioning him about his disability and then harassing him and discriminating him based on this disability.

4. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by failing to implement housing application procedures regarding (1) tenant-selection criteria; (2) waiting list procedure; and (3) notice and hearing procedures. The Manor failed to provide the Tenant with the tenant selection criteria required by federal law and his due process rights. These criteria must include the following: (1) written tenant selection criteria as authorized by the federal Congress, (2) providing the tenant with a copy of this criteria,

and (3) specification of the means by which the applicant can fulfill the lease obligations without arbitrary or automatic denial of tenancy to any particular group or category of otherwise eligible tenants. The Manor failed to provide the Tenant with the waiting list procedure that (1) includes assignment of a unit of the appropriate size according to HUD standards, and (2) assignment of a unit that meets the particular health, handicap and other needs according to HUD standards.  The Manor specifically failed to provide the Tenant with the waiting list procedure including for enforcement of reasonable accommodation to be transferred to an apartment more suitable for his health.  The Manor failed to provide notice of these procedures to the Tenant and have refused to comply with these requirements by placing the Tenant on a waiting list for a unit that will meet and reasonably accommodate his particular health and handicap needs by locating him at the highest elevation pursuant to his metabolic syndrome disorder. The Manor has refused to provide the Tenant with the waiting list procedures of The Manor or to inform him that they are HUD-compliant.  The Manor has refused to provide him with Notice and Hearing procedures including determination of the Tenant's ability or inability to fulfill his obligations as a tenant of the project in which case the Landlord must notify the Tenant in writing within 15 days of that determination and of the specific reasons for it. The written notification shall state:

      (a) that the applicant has 14 days from receipt to submit a written response to the notice to the local HUD officials;

      (b) that the applicant may have an attorney or other representative prepare a written response, or appear at the local HUD office;

      (c)  that the applicant's response to the notification does not preclude him from exercising his other rights if he believes he is being discriminated against on the basis of race, creed, religion, sex, handicap or national origin.

      (d) that the review of either the applicant's written response or of the information provided at the pre-termination meeting will be undertaken by an employee at the local HUD office.

      (e) that within 5 working days of receipt of said written response or of the date

of the meeting, HUD shall advise the applicant in writing as to whether the owner's determination is approved or reversed.

(f) that the owner will be required to maintain in its files for one year the application, the notification of ability or inability, the applicant's written request for a meeting or written response to a negative determination, if any, or any other written submissions presented by the applicant or his representative in support of his position, and a copy of HUD's written determination.

(g) that the Landlord is required to maintain a list of local legal service organizations to assist applicants.

(h) Since this would not place an undue fiscal or administrative burden on the Landlord or HUD, this is a due process requirement.

The Manor further refused to provide the necessary information, including the identity of the so called "third party" whom they engaged in violation of due process to make their determinations, which further violates the proscription against setting eligibility criteria not authorized by Congress. The Tenant was denied all of these due process rights.

5. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by setting eligibility criteria not authorized by Congress and by depriving him of his property interest in due process safeguards in the processing of his application for housing at The Manor when The Manor reversed their eligibility determination that the Tenant financially qualified for federal housing at The Manor and required him to obtain a co-signer after approving him without a co-signer, and by threatening to cancel his application if he did not find a co-signer within 2-3 days which would render him homeless. The Manor violated the proper use of credit history in the tenant selection process which is proscribed under Section 8 of the Housing Act under 42 U.S.C.A. § 1437f. The Defendants' arbitrary and unauthorized use of a so called anonymous "third party" in such process further violates his rights of due process. The Manor violated due process by imposing on the Tenant further eligibility criteria not authorized by Congress pursuant to their own promulgated criteria, much of

which contravenes the criteria authorized by Congress.

6. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by setting eligibility criteria not authorized by Congress and by depriving him of his property interest in due process safeguards in the processing of his application for housing at The Manor by refusing the Tenant's right to a statement of reasons for the adverse action taken against him regarding the requirement of a co-signer, and the identity of the alleged "third party" entity whom they ascribe the violation of this right and his right to appeal the action by this alleged "third party" entity.

7. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by setting eligibility criteria not authorized by Congress and by depriving him of his property interest in due process safeguards in the processing of his application for housing at The Manor by refusing the Tenant's right to a statement of reasons for the adverse action taken against him regarding their denial of approval of his long term live-in aide, John Mckinney, to be his live-in aide at The Manor, who was twice previously approved under HUD Regulations and eligibility criteria as his live-in aide in previous federally subsidized housing. The Tenant was informed months later in a federal status conference that the reason for rejection of Mr. Mckinney was a warrant, which the Tenant discovered to be an erroneous FTP warrant that was promptly recalled. Mr. Mckinney was therefore erroneously and unjustly rejected as the Tenant's live in aid and is due to be re-instated as his live-in aide. After disapproving Mr. Mckinney, The Manor threatened to cancel the Tenant's application again if he did not find another 'suitable' live-in aide within 2-3 days which again would have rendered him homeless. The Tenant violated these rights by also refusing to provide the Tenant with the identity of the alleged "third party" entity to whom they ascribe the rejection of this live-in aide and the Tenant's right to appeal the action by this alleged "third party" entity as set out above. The use of such an anonymous entity is proscribed by Congress who alone sets the eligibility criteria and by HUD who alone enforces the application and appeal procedures, not the Landlord or any such entity.

8. The Manor violated the due process and equal protection rights of the Tenant under the Constitution, federal law and HUD Rules and Regulations by falsely alleging that he damaged a drain pipe with his truck when he moved in to the Manor on March 13, 2019, and by extorting him into making payment for this falsely alleged damage.

9. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations, by issuing four lease infractions against the Tenant, two of which were fictitious as being fraudulently issued retroactively and without service on the Tenant, and all of which were admitted under oath in State Court to be without merit (See attorney's affidavit, Exhibit "A"), in violation of the Tenant's Constitutional and federal rights.

10. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by failing to provide him with sufficient notice regarding the four lease infractions issued against him by failing to sufficiently inform him of the facts, conduct and ways that he allegedly violated the lease per the infractions, and by refusing to provide him with a more definite statement when he requested same including in his grievances.

11. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by violating the due process requirement that only evidence presented in a lease infraction can be considered. In a fifth lease infraction alleged by The Manor, it was falsely alleged that one of the participants in the Tenant's small business, John Mckinney, pushed a resident while exiting the elevator on the first floor of Highland Manor. The photographic and video evidence showed that the resident was in fact attempting to enter the elevator and was about to collide with Mr. Mckinney, and in fact was the aggressor though probably unintentionally so. Due process under federal and HUD procedures forbids any collateral evidence not included in the lease infraction from being considered and forbids concealment of exculpatory evidence. The Manor violated this due process in attempting to establish this lease infraction. The infraction is due to be considered only on the basis its contents, which are exculpatory, hence the infraction is due to be dismissed.

12. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by failing to serve the four lease infractions as required by 24 C.F.R. § 247.4(b) by repeatedly to the present day and contumaciously refusing to serve him (1) by mail and (2) by placing such documents under the door, and in the case of Infractions #1, #3 and #4 by not serving him at all, only providing copies of the alleged violations as attachments to the Lease Termination Letter issued on July 29. 2019  months (#1 and #3) and a week later (#4).

13. The Manor issued a Lease Termination Letter on July 29, 2020, which failed to provide procedural due process by notifying Tenant of his right to appeal the termination action in violation of federal law and HUD Rules & Regulations.

14. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by attempting by eviction to dispossess him of his Constitutional property interest in continued tenancy in federally subsidized housing.

15. The Manor is violating the due process and equal protection rights of the Tenant by attempting to dispossess him by eviction of his Constitutional property interest in federally subsidized benefits  regarding his federally subsidized housing.

16. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by failing to open a dialogue and conduct the required interview regarding the grievances that he filed against The Manor on June 4, 2019.

17. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by retaliating against him for filing grievances and court action against The Manor by harassing him, threatening him with eviction, and then filing to evict him.

18. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by failing to provide him with a pre-termination hearing and disposition before a neutral

Page | 9

Hearing Officer and a finding by this Officer. Pursuant to 11th Circuit authority, due process is not satisfied by a state court hearing where this right to a pre-termination hearing does not comply with 24 C.F.R. § 882.216, which requires the neutral decision maker at the pre-termination hearing to consider whether a Landlord is in accordance with applicable law and HUD Rules and Regulations.

19. The Manor thus violated the Tenant's right to due process regarding the requirement of a pre-termination hearing.

20. The Manor, acting under color of State law, is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by violating the Tenant's right to recertification and renewal of his lease where he has not been evicted and thus his right to his Constitutionally protected expectation of remaining in his dwelling pursuant to 42 U.S.C.A. § 1437f is in force.

21. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by threatening eviction which alone causes injury apart from actual eviction. The Manor thus violated the Tenant's rights regarding the interest of the government in avoiding the distress of the low-income elderly from living in fear of loss of shelter and its interest in providing shelter for persons who might otherwise be homeless and subject to other related deprivations and harms that could well result in a greater financial burden on the government and harm to the public interest of the community at large.

22. The Manor is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by violating their HUD Administrative Plan first by refusing to disclose this Plan to the Tenant as HUD requires, and further by unlawfully imposing the burden of proof on the Tenant regarding their grievance policy, by failing to issue a written statement explaining an adverse decision regarding the Tenant's grievances, by failing to provide the Tenant's right to proof by a preponderance standard of any lease violation by the Tenant and by misapplication of this standard, by failing to give the Tenant the right to confront witnesses, and *inter alia* by failing to provide a hearing and neutral Hearing Officer per HUD

requirements pursuant to 24 C.F.R. § 982.555(e)(6).

23. The Manor, acting under color of State law, is attempting to evict the Tenant without the required procedural due process under the Constitution, federal law and HUD Rules and Regulations by acting to constructively evict the Tenant also in violation of his first amendment right to quiet enjoyment by failing to provide essential repairs including flooding of the apartment from a fixture in the kitchen and by plumbing obstructions.

24. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by violating the Tenant's right to renewal of his lease by which to enforce his right continued occupancy in his federally subsidized housing and continued federal benefits which cannot be violated without good cause, for which there is no good cause given the invalidity of the lease infractions as admitted by the Defendants (see Exhibit "A").

25. The Manor is violating the Tenant's constitutional rights of association by harassing the Tenant's friends and guests including by requiring identification which is not required of the friends and guests of other residents of The Manor.

26. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution and federal laws by acting to unlawful to coerce, intimidate, threaten, and interfere in the exercise or enjoyment of, or on account of his having exercised or enjoyed his rights under the Fair Housing Act by their acts of harassment of him and his guests, the violation of his rights under grievance procedures, his rights regarding Lease Termination and eviction actions, by retaliating against him for exercising his rights, and by acting in contravention of his other rights stated above.

27. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by discriminating against him based on race and handicap due to the racial motivations of Bailey, The Manor's Manager, pursuant to 28 U.S.C. § 1443(1) and 42 U.S.C. § 3604.

28. The Manor is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by acting to withhold, handle, obstruct, delay, pilfer, tamper with, infringe, intercept, quit,

illegally convey, desert, destroy, and otherwise act illegally regarding the United States Mail addressed and delivered to the Tenant. Such violations are facilitated by the fact that The Manor has unlawful access to the United States Mail at Highland Manor by retaining a key to the Mail Room where all mail is delivered to residents of Highland Manor. The Manor has affixed a permanent sign by the resident mailboxes stating unlawfully that "NO ONE TO HANDLE MAIL EXCEPT MANAGER & POSTMAN". The Tenant by no means has authorized The Manor to have such access to his Mail. The Manor has further and admittedly intercepted, withheld, tampered with, obstructed and illegally conveyed the mail of the Tenant and his compliant small business.

29. The actions of The Manor in violating the Tenant' rights under the Constitution, federal law and HUD Rules and Regulations, has inflicted extreme mental, emotional and physiological distress, mental anguish and injuries on the Tenant.

**COUNT II:**
**Violation of Rights by SPM. LLC**

30. Defendant SPM, acting under color of State law, colluded and acted in concert with Defendant Highland Manor regarding all actions stated in the First Count, and is equally liable with The Manor for all such actions.

31. SPM, LLC is violating the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by denying the Tenant's rights regarding grievance procedures. SPM, LLC had the duty to process the Tenant's 12 grievances presented by him on June 4, 2020, including the obligation to enter a dialogue with him regarding his grievances, but refused to do so.

32. SPM, LLC is violating the Tenant's due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by retaliating against him for filing grievances by filing to evict him.

33. SPM, LLC violated the Tenant's procedural due process and equal protection rights under the Constitution, federal law and HUD Rules and Regulations by ratifying the violations by The Manor. Accordingly, SPM, LLC is vicariously liable for each and every action stated in the First Count whereby The Manor violated the Tenant's rights.

## COUNT III:
### Violation of Rights by Defendant Nikeshia Bailey

34. Defendant Bailey, acting under color of state law, personally and in her capacity as Community Manager of Highland Manor, deprived the Tenant of each and every Constitutional right, due process right, provision of federal law, HUD Rules and Regulations and related rights as stated in the First Count and is jointly liable with Defendant Highland Manor for all violations of the Tenant's rights by The Manor.

35. Defendant Bailey further violated the Tenant's Constitutional and federal rights by reverse discrimination and by discriminating against him based on mental health disability and handicap including her violation of HIPAA laws in improper and unauthorized elicitation of his medical records. Bailey has subjected him to disability harassment and elder abuse.

## COUNT IV:
### Violation of Rights by Deborah Wren

36. Defendant Wren, acting under color of state law, personally and in her capacity as corporate officer of SPM and supervisor of Defendant Bailey, colluded with Bailey in the deprivation of the Constitutional rights, due process rights, provisions of federal law, HUD Rules and Regulations, and related rights as stated in the First and Second Counts.

37. Wren is further liable for each and every deprivation of rights of the Tenant stated in the First and Second Counts as an officer of SPM and subsidiary Highland Manor LTD for failure to ensure the compliance of SPM and Highland Manor with Constitutional and federal law and specifically the Fair Housing Act, whether or not she, as a corporate officer, directed or authorized the unconstitutional and discriminatory acts that occurred against the Tenant.[2]

38. Wren is further liable for violating the procedural due process and other rights pertaining to landlords that are set out in the Fifth Count.

39. Wren further violated the procedural due process rights of the Tenant regarding grievance procedures including depriving the Tenant of his due process right to an interview and to a dialogue regarding his grievances, for mediation of his grievances and

other rights regarding grievances as further stated in the First Count.

40. Wren violated the Tenant's Constitutional and federal rights against discrimination by failing to terminate the employment of Defendant Bailey after the Tenant provided her with conclusive evidence that Bailey violated the well-posted 'strict policy' of SPM against discrimination in keeping with Constitutional and federal law.

41. Wren further violated the Constitutional and federal rights of the Tenant by retaliating against him for filing grievances by filing eviction action against him.

## COUNT V:
## Violation of Rights by Defendant Marshall

42. Honorable Steve Marshall, acting under color of State law in his capacity as Attorney General of Alabama, is violating the Tenant's due process and equal protection rights under the Constitution, federal law, HUD Rules and Regulations and related law by presiding over and enforcing Alabama eviction law which is unconstitutional and is depriving the Tenant of his rights under the Constitution and federal law.

43. Alabama Landlord-Tenant laws,[3] particularly those governing evictions/ unlawful detainer actions, are unconstitutional by not providing for due process required by federal law. Federal law pre-empts state law. As the chief executive law enforcement official for the State of Alabama, Defendant Marshall is thus depriving the Tenant of his Constitutional rights in violation of the Tenant's due process rights.

44. Defendant Marshall, acting under color of State law, is depriving the Tenant of these rights by failing to enforce Constitutional and federal law, including HUD Rules and Regulations and related law, that pre-empts Alabama and by enforcing state laws that deprive the Tenant of his Constitutional due process and federal rights regarding the eviction actions taken against him.

45. Defendant Marshall is violating federal law which requires and provides due process rights for the Tenant as a resident in federally subsidized housing, recognizing that tenants who are not residents in federally subsidized housing do not have the panoply of rights set out in this Count. Alabama law governing evictions must be supplemented

---

[3] Alabama's Landlord-Tenant Law, *Code of Alabama* §§ 35-9A-101 *et seq.,*

and amended to provide for the Constitutional and federal rights of tenants such as the Plaintiff who are residents of federally subsidized housing.

46. As the chief executive in Alabama government, Marshall is due to suspend the enforcement of state laws regarding eviction of the Tenant who resides in federally subsidized housing which violate the Tenant's tenants' rights pending enactment of Constitutionally and federally compliant statutes for tenants in federally subsidized housing by the Alabama Legislature.

47. Defendant Marshall, acting under color of State law, is violating Congress' intent in providing low-income housing, property interests in continued occupancy and federal benefits for such housing. Extensive expressed Congressional intent in this area conflicts with and invalidates Alabama Landlord-Tenant law in this regard.

48. Defendant Marshall is violating the Tenant's rights of due process by attempting to enforce state laws that are pre-empted by federal law.

49. Defendant Marshall is violating the Constitutional, federal and due process rights of the Tenant by presiding over and enforcing state eviction laws that are void due to their violation of the Constitutional and statutory rights of the Tenant.

50. Defendant Marshall is liable under 42 U.S.C. § 1983 as set out in this Complaint and is not immune under the 11th Amendment of the Constitution due to the fact that he is not being sued in his individual or personal capacity nor are monetary damages being sought against him. Declaratory judgment is further available and due to be granted declaring that Alabama eviction law is unconstitutional as set out herein.

51. Defendant Marshall is violating the Tenant's Alabama's Landlord-Tenant laws that are basically unconstitutional in two primary areas: First, the procedure by which the initial state hearing on unlawful detainer, held in District Court, is unconstitutional. This hearing deprives the defendant of essential rights including virtually no due process pre-trial rights, no discovery, no depositions, no witness lists, no right to counsel, and numerous other rights, perhaps the most critical of which is the right to trial by jury.[4]

---

[4] This state case was dismissed without prejudice due to the defective Lease Termination letter issued

52. Defendant Marshall is further violating the Tenant's Constitutional and federal rights by enforcing and presiding over unconstitutional State eviction laws and procedure, where the initial hearing in state District Courts prejudicially favors the landlord, denying the tenant the most basic due process rights. The tenant is denied the panoply of rights normally afforded a party in the initial court proceedings. Civil and criminal defendants in all other areas of Alabama law are not subjected to such deprivation of rights in the initial court process. This only occurs under Alabama law against persons such as the Tenant tenants in unlawful detainer/eviction actions.

53. Defendant Marshall is further violating the Tenant's Constitutional and federal rights by presiding over and enforcing the State statutory scheme where the presumption of correctness is granted to the initial (District) court. The Circuit Courts of Alabama generally grant the presumption of correctness to the factual and legal findings of the lower State District Courts just as the State Courts of Civil and Criminal Appeals grant the presumption of correctness to the Circuit Courts. In like manner, the Alabama Supreme Court grants the presumption of correctness to lower Alabama courts, and the federal Courts of Appeal grant the presumption of correctness to the factual findings of the United States District Courts. The Tenant, against whom the state District Court has ruled, is being denied the most basic due process by the presumption of correctness of the flawed factual findings of the District Court. This is a severe violation of the Constitutional and federal rights of the Tenant as enforced and presided over by Defendant Marshall.

54. Defendant Marshall is enforcing unconstitutional State law that does not provide for the Tenant's right to a written opinion regarding adjudication by State Courts of eviction actions. The Tenant was denied a written opinion regarding the hearing held on November 21, 2019. The Court issued only a summary order in favor of the Landlord without the required written opinion stating the facts and law for such action. Alabama law must but does not provide for these due process rights.

---

by SPM, LLC as agent for Highland Manor, LTD. SPM has filed a subsequent eviction action which is now pending. Under federal due process, this case would have been dismissed with prejudice.

55. Defendant Marshall is due to suspend enforcement of unconstitutional state law that is causing these violations of the due process rights of the Tenant.

56. Defendant Marshall is depriving the Tenant of his Constitutional and federal rights regarding the second primary issue, that Alabama Landlord-Tenant law fails comprehensively to provide for procedural due process rights of the Tenant who resides in federally subsidized housing.

57. Defendant Marshall is presiding over and enforcing the following additional violations of the procedural due process rights of the Tenant:

(a) Alabama law provides no procedural due process or other rights provisions for the Tenant who has a Constitutional property interest in continued occupancy in federally subsidized housing which cannot be deprived absent required procedural due process under Constitutional and federal law.

(b) Alabama law provides no due process for the Tenant who has a Constitutional property interest in federal benefits which cannot be deprived absent required due process under Constitutional and federal law. Alabama Landlord-Tenant law fails to provide for statutes enforcing these rights under the Constitution.

(c) Alabama law provides no provision for enforcement of the panoply of procedural due process rights under Constitutional and federal law that must be provided to the Tenant PRIOR to filing for eviction.

(d) Alabama law deprived the Tenant of procedural due process when the Landlord deprived him of his right and their duty to open a dialogue regarding his grievances, and to conduct the required interview and to attempt mediation of the Tenant's grievances and issues surrounding any allegation of lease termination as required by HUD.

(e) Alabama law deprived the Tenant of procedural due process by violating the good cause requirement required under federal law.  The Landlord may not evict the Tenant for material noncompliance with the rental agreement without stating and proving good cause, which the Landlord has failed to do, and which Defendant Marshall has failed to provide enforcement of pursuant to the Tenant's due process rights. Good cause must be previously known by a tenant. Under 24 C.F.R. § 247.3(b), notice of good cause

requires that the conduct of the Tenant cannot be deemed to be due to other good cause
under § 247.3(a)(4) unless the landlord has given the tenant prior notice that said conduct
shall henceforth constitute a basis for termination of occupancy.

(f) Alabama law deprived the Tenant of procedural due process by violating the
service requirements of termination notices in § 247.4(b). Alabama law does not provide
for these due process rights in order to be Constitutionally compliant. Defendant Marshall
has deprived the Tenant of these due process rights by enforcing state law that does not
provide for these due process rights.

(g) Alabama law fails to provide for procedural due process requirements under 24
C.F.C. § 247.4 (c)(1). This section sets out the procedure by which lease termination can
be sought for material noncompliance. The term material noncompliance with the rental
agreement includes: (1) One or more substantial violations of the rental agreement. In the
Tenant's case, the alleged violations of his lease have been disavowed under oath by The
Manor by Defendant Bailey (see Exhibit A) and no such substantial violations are alleged.
State law provides no due process remedy in such a case.

(h) Alabama law fails to provide for procedural due process requirements under 24
C.F.R. § 247.4 (c)(2) wherein lease termination is sought for "Repeated minor violations
of the rental agreement" that:

(i)     Disrupt the livability of the project,
(ii)    Adversely affect the health or safety of any person or the right of any tenant to
        the quiet enjoyment of the leased premises and related project facilities,
(iii)   Interfere with the management of the project, or
(iv)    Have an adverse financial effect on the project.

Alabama law does not provide for such due process determination. In the Tenant's case,
the alleged violations of his lease have been disavowed under oath by The Manor by
Bailey (see Exhibit A) in the State hearing on November 21, 2019 and hence no such
minor violations are alleged. Alabama law does not provide for procedural due process by
which the eviction action against the Tenant must be declared as void in such a case under
Constitutional and federal law.

(i) Alabama law fails to provide for procedural due process by which the Landlord

Page | 18

was required to give the Tenant adequate notice of alleged infractions by specifically listing the grounds for eviction, as well as the procedural due rights that the Tenant has.

(j) Alabama law fails to provide for procedural due process by which a Landlord who is receiving the benefit of the Section 8 program cannot issue eviction notices by themselves because of historical abuses by Landlords as in the Tenant's case in issuing such notices. The United States Congress indicated its unwillingness to allow Landlords in existing federally subsidized housing programs to issue such notices without review by HUD which Alabama law fails to provide for.

(k) Alabama law fails to provide for procedural due process by ensuring that all correspondence relating to eviction must be served under 24 C.F.R. § 247.4(b) as follows: Manner of service. The notice . . . shall be accomplished by: (1) Sending a letter by first class mail, properly stamped and addressed, to the tenant at his or her address, with a proper return address, and (2) serving a copy of the notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing the notice under or through the door, if possible, or else by affixing the notice to the door. Federal rights and procedural due process require that service be perfected before eviction actions can procced and service shall not be deemed effective without compliance with § 247.4(b). Not once have the Defendants complied with this requirement.   Federal/HUD law is very specific: this notice requirement is absolute- 24 C.F.R. § 247.3(a)(4) unambiguously states that "No termination shall be valid unless it is in accordance with the provisions of § 247.4." Alabama law fails to provide for these rights of procedural due process which mandates that the eviction action against the Tenant be declared void. Indeed, the Tenant failed to receive and be served with 3 of the lease infractions alleged against him.

(l) Alabama law fails to provide for the procedural due process requirement that the Landlord must give a thirty (30) day written notice which must include:

(i) The specific good cause rule or regulation that the tenant has allegedly violated;
(ii) Specific description of the nature of the offense against him including, where applicable, dates of violations and the names of witnesses.

(m) Alabama law fails to provide for procedural due process by the lack of a provision for sufficient review of Constitutional and federal law and a mechanism that

would permit tenants to file a complaint for non-compliance with same.[5]

(n)  Alabama law fails to provide for procedural due process regarding the Termination notice pursuant to 24 C.F.R. § 247.4 which requires that the landlord's determination to terminate the tenancy shall be in writing and shall:

> (i) state that the tenancy is terminated on a date specified therein;
> (ii) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense;
> (iii) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense; and
> (iv) require that the notice be served on the tenant in the manner prescribed by paragraph (b) of 24 C.F.R. § 247.4.

Defendant Marshall has deprived the Tenant of these due process rights by enforcing state law that does not provide for these Constitutional and federal rights for persons such as the Tenant who reside in federally subsidized housing.

(o)  Alabama law fails to provide for the procedural due process requirement under 24 C.F.R. § 247.6(a) whereby a landlord is not permitted to evict any tenant unless it is done in accordance with the requirements of this subpart of 24 C.F.R. *Id.*. Alabama law thus unconstitutionally permits eviction whether or not the State process is in accordance with said Constitutional and federal law requirements or not, and is thus unconstitutional.

(p)  Alabama law fails to provide the procedural due process requirement of a pre-termination hearing upon timely request by the tenant, otherwise the Landlord may not terminate tenancy of persons in federally subsidized housing. This hearing must be conducted by a neutral and impartial hearing officer. The tenant further has the due process right to issuance of a decision by such officer in writing which is appealable. The Landlord must suspend any further action relating to termination until a Constitutionally compliant hearing is held.[5] The Landlord must give the tenant a written explanation of the hearing procedure and the hearing date, and must allow sufficient time to prepare for the hearing, at a time during the working day and at a place convenient to the tenant.[5]

---

[5] Accordingly, Defendant Marshall is violating the Tenant's Constitutional and federal rights by enforcing and presiding over unconstitutional State eviction laws.

This would prevent the outrageous act of Defendant Winston in scheduling a hearing while giving the Tenant only a few hours' notice as stated in the Sixth Count.

(q) Alabama fails to provide for the additional due process requirements for the pre-termination hearing which requires that the tenant shall:

(i) have the right to a private hearing,[5]

(ii) have access to all information on which a decision would be based;[5]

(iii) have the right to review his tenant file and examine all landlord documents pertaining to the tenant.[5]

(iv) have the right to present evidence, arguments, contest the landlord's evidence, and confront and examine witnesses.[5]

(v) have the right to present and establish all relevant facts and circumstances by oral testimony and documentary evidence;[5]

(vi) have the right to a decision that is solely and exclusively based on the evidence presented at the hearing and upon applicable laws and regulations; [5]

(vii) have the right to a decision that must be in writing, signed, and dated, and must state the findings of fact and the specific reasons for the decision rendered. [5]

(viii) have the right to a decision that is final and binding on the landlord, but may be appealed by the tenant.[5]

If the landlord does not comply with these rights of procedural due process, it shall be precluded from proceeding to evict the tenant. If the landlord has not followed these procedures, that deficiency requires the dismissal of the eviction action with prejudice.[5]

(r) Alabama fails to provide for the additional due process requirements by which a tenant must have a meaningful opportunity to be heard in a grievance hearing before the landlord initiates an eviction.[5]

58. Alabama law fails to provide for enforcement of the Constitutional proscription against discrimination of tenants in federally subsidized housing, which in the case of the Tenant is the right to be free from discrimination based on handicap, disability and race. This includes the right to reasonable accommodation as requested by the Tenant but not provided for under Alabama law. Procedural due process further requires consideration of "mitigating factors," including disability status, before evicting tenants from subsidized housing. The Tenant requested such consideration which was ignored. [5]

59. Alabama law further fails to provide for the federal integration mandate of the

ADA requiring that tenants with mental disabilities have the opportunity to live in the least restrictive setting that is suitable for them. Evictions of persons with mental illness from subsidized housing that lead to unjustified institutionalization is unconstitutional.[5]

60. Alabama law fails to provide the procedural due process enforcement of Title VIII of the Civil Rights Act of 1968 as amended by the FHAA and the Fair Housing Act, which requires that landlords make "reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford such a person equal opportunity to use and enjoy a dwelling."[5] When applied to the eviction context, such compliance "means that even when a tenant without a disability would legitimately be subject to eviction, a landlord cannot necessarily evict a tenant with a disability solely because of behavior related to the tenant's disability" as the Defendants are attempting to do in this case. The landlord must make reasonable changes in policies and practices in order to accommodate a tenant with a disability,[5] which the Defendants refuse to do, while attempting in the most discriminatory manner to evict the Tenant rather than comply with and federal law. The Tenant has the due process right against such an attempt.[5]

61. Alabama fails to enforce and provide for the Constitutional due process requirement that even if a tenant was culpable for lease violations, he is entitled to a probationary period prior to instigation by the Landlord of eviction actions. It is 'shocking to the conscience for [a tenant] to be evicted without a probationary period.'

62. Defendant Marshall has deprived the Tenant of these due process rights by enforcing state law that does not provide all of the above Constitutional and federal rights for persons such as the Tenant who reside in federally subsidized housing.

63. Under federal law, the Landlord may not subject the Tenant to infliction of emotional distress by threats of eviction and unjust eviction actions and attempts to deprive him of his Constitutional liberty interests in continued occupancy in federally subsidized housing and receipt of federal benefits for federally subsidized housing. The Tenant has been subjected to intense pain and suffering, trauma, and emotional distress by the Landlord who has threatened him repeatedly with eviction from the onset of his tenancy at The Manor in March, 2019, and then by unjust and unwarranted eviction action

filed for on July 29, 2019 and the eviction action filed for on January 13, 2020 based on lease infractions that the Defendants admit to being invalid (see Exhibit A). It is a travesty that Alabama law provides no due process remedy in such a case.

64. Under federal law, a Landlord and/or the Landlord's attorney and/or agent may not act or conspire to act with a State official in the prosecution of eviction action against a tenant. In this case, Defendant Winston acted with Jason Smith, a process server and State official, in prosecuting the initial eviction action filed for on July 29, 2019.

65. Alabama law fails to enforce federal law that proscribes retaliatory eviction. Defendants Wren and Bailey retaliated against the Tenant for filing his grievances on June 4, 2019 by filing to evict him.

66. Alabama law fails to provide for the right of a tenant to beneficial use of his leased premises wherein acts constituting constructive eviction are proscribed. The Defendants have attempted to constructively evict the Tenant.

67. Alabama law fails to protect a tenant's right of enjoyment of his residence as provided for in the Fair Housing Act, 42 U.S.C. §3617.

68. Defendant Marshall has deprived the Tenant of these due process and other rights under the Constitution and federal law by enforcing state law that does not provide for these rights for persons such as the Tenant who reside in federally subsidized housing.

69. Defendant Marshall is due to suspend enforcement of Alabama Landlord – Tenant/ eviction law that violates the Constitutional and federal rights of persons such as the Tenant who reside in federally subsidized housing, recognizing that persons who do not reside in federally subsidize housing do not have the panoply of rights stated above.

## COUNT VI:
## Violation of Rights by Defendant Norman Winston

70. Defendant Winston, acting under color of state law, violated the Tenant's procedural due process rights by holding a pre-termination hearing on August 8, 2019 after giving the Tenant a few hours' notice. The hearing was a sham hearing that did not comply with procedural due process and HUD Rules and Regulations:

71. Winston engaged and colluded with process server and state official Jason

Smith in initiating the unconstitutional eviction proceedings against the Tenant.

72. Winston deprived the Tenant of procedural due process by denying him the required notice and hearing procedures.

73. Winston deprived the Tenant of procedural due process by denying him a neutral and impartial Hearing Officer and hearing pursuant to 24 C.F.R. § 982.555(e)(6).

74. Winston deprived the Tenant of procedural due process by denying him a pre-termination finding by such an impartial Hearing Officer as to whether SPM's Termination Notice and grounds were in accordance with applicable law and HUD Rules and Regulations under 24 C.F.R. § 882.216.

75. Winston deprived the Tenant of procedural due process by serving as the Hearing Officer. He is obviously NOT neutral and impartial but is exceptionally biased in favor of SPM and The Manor whom he represented as attorney. He informed the Tenant that he had one hour to present any issues. Then he sat mostly silent for this hour.

76. Winston deprived the Tenant of procedural due process regarding the second eviction filed against the Tenant on January 13, 2020 by denying him a pre-termination hearing altogether.

77. Winston deprived the Tenant of procedural due process by violating his Constitutional right to service of documents, letters, notices and other process, particularly Constitutionally compliant service of eviction documents. Winston violated 24 C.F.R. § 247.3(a)(4) which stipulates that "No termination shall be valid unless it is in accordance with the provisions of § 247.4, " which requires that such documents be personally delivered to the tenant's residence and also by mail which Winston did not comply with. The past and present terminations are therefore Constitutionally invalid.

78. Winston deprived the Tenant's Constitutional right to quiet enjoyment of his residence in further violation of the Fair Housing Act as set out in 42 U.S.C. §3617.

79. Winston deprived the Tenant of Constitutional due process by attempting to extort payments and attorney's fees by sending him three extortionate letters: (1) a first letter falsely alleging that the Tenant owed $801.99 in payments and fees; (2) a second letter falsely alleging that the Tenant owed $1,484.97 in payments and fees; and (3) a third

Page | 24

letter falsely alleging that the Tenant owed $2,320.65 in payments and fees.

80. Winston has unconstitutionally discriminated against the Tenant based on his handicap and has slandered the Tenant based on his disabling condition.

## COUNT VII:
### Violation of Rights by Defendant Jason H. Smith

81. Defendant Jason H. Smith, as a state official acting under color of state law, colluded with Defendant Winston in initiating unconstitutional eviction proceedings against the Tenant.

## COUNT VIII:
### Violation of Rights by Defendant Miriam Bearden

82. Defendant Bearden, acting under color of state law, colluded with Winston in depriving the Tenant of procedural due process and his other Constitutional and statutory rights to a constitutionally compliant pre-termination hearing as stated in the Sixth Count. She further stated that she had settlement authority only regarding the Tenant's tort action and not the eviction action, thus attempting to extort a settlement of the tort action.

## COUNT IX:
### Violation of Rights by Defendant Moses Wright

83. Defendant Wright, acting under color of State law, is liable for each and every deprivation of rights of the Tenant stated in the First and Second Counts as a corporate officer of SPM and subsidiary Highland Manor LTD for failure to ensure the compliance of SPM and Highland Manor with Constitutional and federal law and specifically the Fair Housing Act, whether or not he, as a corporate officer, directed or authorized the unconstitutional and discriminatory acts that occurred against the Tenant.[2]

84. Wright further violated the Constitutional and federal rights of the Tenant in his capacity as Human Resources officer for SPM, LLC by failing to adequately train and supervise the officers and employees of SPM and The Manor including Defendants Bailey and Wren regarding compliance with the Constitutional and federal rights of the Tenant and other tenants of The Manor, directly causing and contributing to the injuries and damages suffered by the Tenant in this cause of action.

## COUNT X:

### Violation of Rights by Defendant William Welden Jr.

85. Defendant Welden, acting under color of state law, is liable for each deprivation of rights of the Tenant stated in the First and Second Counts as the chief executive officer of SPM, LLC and subsidiary Highland Manor LTD for failure to ensure the compliance of SPM and Highland Manor with Constitutional and federal law and specifically the Fair Housing Act, whether or not he, as a corporate officer, directed or authorized the unconstitutional and discriminatory acts that occurred against the Tenant.[2]

86. Further, the Tenant twice directly appealed in writing to Welden from the Constitutional and federal law violations by The Manor, SPM, Bailey, and Wren. Welden was specifically made aware of the Constitutional and federal law violations against the Tenant, and violated the Constitutional and federal rights of the Tenant and ratified these violations by failing to direct and act to correct and ameliorate them to the most reasonable extent which he clearly had the power and authority to do. Defendant Welden had the direct ability to stop the Constitutional and federal law violations against the Tenant, but with deliberate indifference failed to do so.

## INJUNCTIVE RELIEF

87. Injunctive relief was urgently needed on 02/14/2020 when this Complaint was initially filed due to impending unconstitutional eviction action against the Tenant. The coronavirus shutdown has delayed this action. However, courts will imminently be resuming normal operation which could require such relief.

## SUPPLEMENTAL JURISDICTION

88. The Tenant request supplemental jurisdiction as may be warranted.

**WHEREFORE,** Pickard prays that this Court:

(a) Enter judgment against the Defendants;

(b) Enter an order requiring the Defendants to show cause as to why their actions for lease termination, eviction and related actions should not be prohibited due to their admissions under oath in State court that the lease infractions which are the basis for their

Page | 26

eviction actions are invalid and void (See Exhibit "A").

(c) Enter an order requiring the Defendants to show cause as to why they should not correct their error in disapproving John Mckinney to be the Tenant's live in aid which is urgent do to the harassment by Bailey of his current live-in aid that has interfered with his presence at The Manor.

(d) Enter an order requiring the Defendants to show cause as to why they should not recertify and renew the lease of the Tenant where there is no good cause to terminate his tenancy and as to why the Defendants should not be prohibited from imposing any eligibility determination criteria not authorized by Congress;

(e) Enter a declaratory judgment that Alabama statutes are unconstitutional as set out in the Fifth Count.

(f) Enter an order appointing a special master to monitor the Defendants' compliance with the Constitutional and federal rights of the Tenant and ordering that the Tenant's resident file and other documents pertaining to the Tenant be transferred to the custody of the special master that will facilitate enforcement of the Tenant's due process rights to access to his file which the Defendants are obstructing, and to enforce such other rights as required during and after the adjudication of this Complaint.

(g) Enter an order directing the Defendants to provide updates regarding apartment unit vacancies pursuant to his documented request for reasonable accommodation due to his medical condition as provided for in his lease.

(h) Enter an order granting Plaintiff's exigent request for reasonable accommodation in part by appointing a social worker on a part time, contract basis paid by the Defendants as a reasonable provision for such accommodation, where social workers are provided by many facilities such as The Manor, to provide essential assistance for him in maintaining the status quo and facilitating essential communication with The Manor in matters such as maintenance and services provided to residents, especially those who are both elderly and handicapped.

(i) Enter an order that any and all records of any negative and all unlawful detainer/eviction actions be expunged in their entirety from the Tenant's records and

prohibiting the Defendants from disseminating any negative information that would unjustly harm the Tenant.

(j) Award compensatory damages in the amount not less than $4,000.00 for injuries, damages and financial losses incurred by the Tenant due to the violation of his Constitutional and federal rights by the Defendants.

(k) Award additional compensatory damages of $4,607.61 against Defendant Winston in compensation for his attempts to extort funds from Plaintiff.

(l) Award compensatory damages of not less than $20,000.00 for intentional infliction of emotional distress, mental pain and suffering, humiliation, embarrassment, and loss of civil rights.

(m) Award treble punitive and exemplary damages equaling $68,607.61 or in an amount of not less than $25,000.00.

(n) If Plaintiff is able to secure representation of counsel, to further award Plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other provisions of law.

(o) Award such other relief as the Court may deem fit and proper.

Respectfully submitted on this 22nd day of May, 2020.

William M. Pickard III, Plaintiff, *Pro Se*
2040 Highland Ave S Apt. 401
Birmingham, AL 35205-3438
(205 586-9055
*marshall3d@hotmail.com*

**TRIAL DEMANDED STRUCK BY JURY**